**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **PHILIP N. JAAX,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | |
| **CHRYSLER FINANCIAL SERVICES** | ) | **No: 08-2490-KHV** |
| **AMERICAS LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

Philip N. Jaax brings suit <u>pro</u> <u>se</u> against Chrysler Financial Services Americas LLC for

unpaid wages and retaliatory discharge in violation of the Fair Labor Standards Act of 1938,

29 U.S.C. § 201 <u>et</u> <u>seq.</u> <u>See</u> <u>Amended Complaint</u> (Doc. #57) filed April 29, 2009. This matter is

before the Court on plaintiff's <u>Motion To Escalate Case For Review Upon Chief Judge And Motion</u>

<u>To Expedite</u> (Doc. #110) filed October 29, 2009; <u>Plaintiff's Objections To The Magistrate Judge's</u>

<u>Report And Recommendations</u> (Doc. #112) filed October 30, 2009; <u>Plaintiff's Motion To Remove</u>

<u>Incorrectly Filed Document: Docket Item No. 110 And Correction Of Titling Of Doc. 111 Via</u>

<u>CM/ECF</u> (Doc. #125) filed October 30, 2009; <u>Plaintiff's Motion For Appropriate Relief From The</u>

<u>Court Due To Technical Failures</u> (Doc. #128) filed November 4, 2009; and plaintiff's <u>Motion For</u>

<u>Extension Of Time To Perform An Act(s)</u> (Doc #134) filed November 9, 2009. As a preliminary

matter, the Court sustains plaintiff's motion to withdraw Doc. #110 (motion to escalate the case for

review).[1] As to the remaining motions, for reasons stated below, the Court grants plaintiff leave to

file his objections one day late and overrules in part his objections to the magistrate judge's report

and recommendation.

_____

[1]     The Court denies plaintiff's request to permanently delete Doc. #110 from the docket.

**Factual And Procedural Background**

On July 1, 2009, the parties informed the Court that they had reached settlement. Magistrate Judge James P. O'Hara therefore entered an order which administratively closed the case. See Doc. #82. The order stated that "[t]he parties may reopen the proceedings for good cause shown, for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of the litigation." Id. The order provided that if the parties did not file a signed stipulation of dismissal by July 17, 2009, the administrative closing order would constitute entry of final judgment of dismissal with prejudice pursuant to Rule 41(a)(2), Fed. R. Civ. P. See id. On July 14, 2009, at plaintiff's request, the Court extended the deadline to July 31, 2009. See Doc. #83.

On July 22, 2009, plaintiff filed a motion to reopen the case because the settlement had "fallen through." Doc. #84 at 1. Plaintiff stated that at the time he agreed to settle the case, he was not taking medication for attention deficit hyperactivity disorder ("ADHD") and "acute manic and anxiety disorders" and was mentally incompetent. Id. at 1. Plaintiff also claimed that defendant made improper tax withholdings from the settlement check, and that defendant retaliated by repossessing his car. See id. at 2.

The next day, plaintiff filed a motion for sanctions against defendant and defense counsel. See Plaintiff's Motion To Strike And For Sanctions (Doc. #87) filed July 23, 2009. In support of that motion, defendant claimed that at the time he signed the settlement agreement, he told defense counsel that he was not well because he had not taken his medication and that he had not read the agreement and could not concentrate without his medication. See Plaintiff's Memorandum In Support Of His Motion To Strike And For Sanctions (Doc. #88) filed under seal on July 23, 2009 at 1-2. Plaintiff also claimed that he was exempt from tax withholdings and that defense counsel had tricked him into signing a different W-4 form. See id. at 2, 4. On September 15, 2009, Judge O'Hara summarily denied the motion. Judge O'Hara found that it was "frivolous on its face" and

2

that plaintiff had not come close to demonstrating a right to the relief which he requested. Doc. #96. Plaintiff did not object to that ruling.

On September 29, 2009, Judge O'Hara issued a report and recommendation that the Court overrule plaintiff's motion to reopen the case. See Report And Recommendation (Doc. #97). Judge O'Hara found that (1) plaintiff had not shown how taking medication would have prevented the tax withholding dispute; (2) plaintiff had not shown bad faith or fraud to justify repudiating the settlement agreement; and (3) the parties had substantially performed the agreement in that defendant had tendered a check and plaintiff had cashed it. See id. at 3-4. Judge O'Hara concluded that plaintiff had not shown cause to reopen the case and recommended that the Court dismiss the case with prejudice under Rule 41(a)(2), Fed. R. Civ. P. See id. at 2-4.

Plaintiff had until October 14, 2009, to object to the magistrate judge report and recommendation. See 28 U.S.C. § 636(b)(1); Rule 72, Fed. R. Civ. P. On October 9, 2009, plaintiff informed the Court that he was in the hospital and requested a 20-day extension. See Doc. #98. On October 19, 2009, Judge O'Hara extended the deadline to October 23, 2009. See Doc. #101. On October 22, 2009, plaintiff requested an additional day, stating that he had to address a "time critical" matter regarding a class action suit against Chrysler LLC. See Doc. #102. On October 23, 2009, Judge O'Hara denied the request, finding that plaintiff had not shown cause to extend the deadline a second time. See Doc. #104. Later that day, plaintiff informed the Court that he was in the hospital and could not meet the deadline. See Doc. #105. Judge O'Hara extended the deadline to October 30, 2009. See id. On October 28, 2009, during a telephone conference with Judge O'Hara, plaintiff agreed to file his objections by October 29, 2009. See Docs. ## 106, 107 and 109.[2] Later that day, plaintiff asked the Court to extend the deadline to October 30, 2009. See Doc. #108.

_____

[2]     Judge O'Hara ordered that plaintiff's objections and defendant's response be limited to five pages. See Doc. #106.

Judge O'Hara denied the request. See Doc. #109 filed October 28, 2009. On October 30, 2009, one minute after midnight, plaintiff filed his objections to the magistrate judge report and recommendation. See Doc. #112.[3] That morning, between 7:42 a.m. and 8:21 a.m., he filed twelve exhibits in support of his objections. See Docs. ## 113 to 124.[4]

## Legal Standards

Upon objection to a magistrate judge report and recommendation on a dispositive matter, the Court reviews de novo "those portions of the [magistrate's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). In conducting a de novo review, the Court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." See Griego v. Padilla, 64 F.3d 580, 584 (10th Cir. 1995).

## Analysis

Plaintiff seeks to reopen the case based on (1) a dispute over the amount of tax withholdings which defendant made from the settlement check; (2) plaintiff's alleged mental incompetence at the time he agreed to settle the case; and/or (3) defendant's alleged fraud regarding tax withholdings. Judge O'Hara recommended that the Court overrule plaintiff's motion and dismiss the case with prejudice. Plaintiff objects to that recommendation. In addition, plaintiff seeks leave to file his objections one day late. The Court will first address the timeliness of plaintiff's objections.

I. **Motion For Relief Due To Technical Failures (Doc. #128) And Motion For Extension Of Time To File Objections And Exhibits (Doc #134)**

As noted, plaintiff's objections were due October 29, 2009. He filed his objections on October 30, 2009, at one minute after midnight, and he filed the exhibits in support later that

---

[3]    Plaintiff's objections are four and half pages with single-spaced small type font. See Doc. #112.

[4]    At 12:10 a.m., plaintiff sent an e-mail to Judge O'Hara's chambers and defense counsel which stated that he had e-mailed the objections on October 29, 2009 at 11:59 p.m. See Doc. #126 filed October 30, 2009.

morning.  <u>See</u> Docs. ## 112 to 124.  Plaintiff has filed two motions regarding the late filings.  In the

first motion, he asks the Court to deem his objections timely filed under D. Kan. Rule 5.4.11.[5]  <u>See</u>

Doc. #128.  In the second motion, he seeks leave to file his objections one day late.  <u>See</u> Doc. #134.

Because the Court grants plaintiff's second motion, it need not address the first motion.

Plaintiff seeks leave to file his objections one day late.  <u>See</u> Doc. #134.  He asserts that on

October 29, 2009, he could not file the documents electronically because he was in the hospital and

experienced computer difficulties.  <u>See</u> <u>id.</u>  He states that he e-mailed the documents to the Clerk

and opposing counsel on October 29 and filed them the next day, when ECF started working for

him.  <u>See</u> <u>id.</u>[6] Defendant opposes the motion and states that (1) the Clerk's office has not confirmed

any problems with ECF on October 29; (2) plaintiff does not explain why ECF suddenly started

working one minute after midnight on October 30; (3) plaintiff did not submit his exhibits to Clerk's

office until after midnight on October 30; (4) sending an e-mail on October 29 does not constitute

"filing" his objections; and (5) plaintiff should have sought relief at the time of his tardy filing and

not waited until after defendant pointed out the default in its opposition to plaintiff's objections.  <u>See</u>

Docs. #135 and #129 at 1-3.  Because plaintiff proceeds <u>pro</u> <u>se</u> and filed his objections only one

minute after the filing deadline, the Court will extend by one day the time for him to file his

objections and exhibits in support thereof.  Accordingly, the Court will consider the merit of

plaintiff's objections.[7] **II.        Plaintiff's Objections To Magistrate Judge's Report And**

---

[5]        Rule 5.4.11 states as follows:

> A Filing User whose filing is made untimely as the result of a
> technical failure may seek appropriate relief from the court.

D. Kan. Rule 5.4.11

[6]        Plaintiff also asserts that on October 28, 2009 – one day before the objections were
due – he provided the Clerk his exhibits for filing.  <u>See</u> Doc. #134.

[7]        The Court overrules as moot plaintiff's motion for relief under D. Kan. Rule 5.4.11.

**Recommendation (Doc. #112)**

As noted, on September 29, 2009, Magistrate Judge O'Hara recommended that the Court overrule plaintiff's motion to reopen the case. Plaintiff objects to that recommendation. Although the grounds for plaintiff's objections are somewhat unclear, he apparently contends that because of sleep apnea, bipolar disorder and ADHD, he is disabled under the Equal Opportunity for Individuals with Disabilities Act, 42 U.S.C. § 12101. See Doc. #112 at 2-3, 4. Plaintiff apparently seeks to either rescind the settlement agreement or recover damages for fraud, undue influence, bad faith and/or violation of federal disability law. Plaintiff states as follows:

> No stipulation of dismissal was or will be filed at this time thus the contract is baseless and voidable by the Court after July 31, 2009. The requisite good cause to open the case is simply to rescind the agreement or allow for damages and relief to be paid to Plaintiff properly. Fraud and undue influence as promised to me by my employer existed by my economic hardship. I never even read such "agreement" until now and still don't understand its validity.
> * * *
> The dispute would have been prevented if the Court recognized my disabilities as well as opposing counsel and offered assistance as mandated by the Federal Government and now I have nothing and am in a hospital. The case can not be dismissed with prejudice as the instrument was not notorized [sic] nor developed under Missouri Law nor was assistance available for a disabled Plaintiff to understand anything. Plaintiff does not want this open again, just rescind the settlement agreement or pay Plaintiff in damages and relief for bad faith, fraudulent undue burden and the fact that everyone made a disabled Plaintiff attempt to sign into a valid contract without assistance provided under Federal Law.

Id. at 4-5.[8]

---

[8] Defendant urges the Court to overrule plaintiff's objections because they are untimely and exceed the page limitation ordered by Judge O'Hara. See Defendant Chrysler Financial's Opposition To Plaintiff's Objections To The Magistrate Judge's Report And Recommendations (Doc. #127) filed November 3, 2009 at 1-2. The Court declines to do so.

The Court rejects plaintiff's contention that the settlement agreement is invalid because the parties signed it in Missouri and did not have it notarized. The law does not require the parties to sign the agreement in Kansas. See, e.g., Lawrence Nat'l Bank v. Rice, 82 F.2d 28, 34 (10th Cir. 1936) (law of place where contract made governs unless parties intend to be bound by another state's law). Plaintiff does not cite – and the Court is not aware of – any Kansas or Missouri law which requires the parties to notarize their settlement agreement.

The Court also rejects any contention that the Equal Opportunity for Individuals with

As an initial matter, to the extent plaintiff seeks to recover damages with regard to the

parties' settlement, he must do so in a separate lawsuit.[9] The Court has discretion to either enforce

or reject a settlement agreement while litigation is pending before it. See United States v. Hardage,

982 F.2d 1491, 1495 (10th Cir. 1993). To resolve issues involving the formation, construction and

enforceability of a settlement agreement, the Court applies state contract law. See United States v.

McCall, 235 F.3d 1211, 1215 (10th Cir. 2005). Kansas law favors the compromise and settlement

of disputes. See Krantz v. Univ. of Kan., 271 Kan. 234, 241-42, 21 P.3d 561, 567 (2001). Absent

fraud or bad faith, the Court will not look into the merits of the underlying suit after a valid

settlement. Similarly, absent fraud, duress, undue influence or mental incapacity, the mere mistake

of fact by one party is not sufficient to avoid a release. See Fieser v. Stinnett, 212 Kan. 26, 30, 509

P.2d 1156, 1159-60 (1973).

To the extent plaintiff seeks to rescind the settlement agreement, his allegations regarding

his mental incapacity and/or fraud by defendant – if true – may be sufficient. See, e.g., Palmer v.

Salazar, 324 Fed. App'x 729, 733 (10th Cir. 2009) (ADEA waiver procured by fraud or executed

by mentally incompetent individual may be voidable); Judd v. Univ. Of N.M., No. 97-2273, 1998

WL 314315, at *2 (10th Cir. June 2, 1998) (mental incapacity of party may render contract

unenforceable) (applying New Mexico law); Quinn v. City of Kan. City, Kan., 64 F. Supp.2d 1084,

1094 (D. Kan. 1999) (defendants entitled to rescind settlement due to plaintiff's fraud). When the

---

Disabilities Act, 42 U.S.C. § 12101 – or any other federal disability law – imposes special
obligations on defendant or the Court with regard to the parties' settlement.

    [9]      With regard to plaintiff's claim that defendant made improper tax withholdings, the
settlement agreement states that "[b]ecause the payment to Jaax is in settlement of claims by Jaax
for unpaid wages, appropriate federal state and (if applicable) local tax withholding will be deducted
from the settlement check, and a W-2 form will be issued to Jaax." Whether defendant withheld the
correct amount of tax is beyond the scope of this lawsuit. Likewise, any claim regarding the
repossession of plaintiff's car(s) is beyond the scope of this lawsuit.

parties raise material factual disputes regarding whether they have reached a valid settlement agreement and the terms of that agreement, the Court will generally hold an evidentiary hearing to resolve those disputes. See Hardage, 982 F.2d at 1496. To rescind the settlement agreement, however, plaintiff must return the proceeds which he has received. See Quinn v. City of Kan. City, Kan., 64 F. Supp.2d 1084, 1094 (D. Kan. 1999); see also King-Roberts v. United States Postal Serv., No. 98-3370, 1999 WL 618121, at *2 (Fed. Cir. Aug. 13, 1999) (payee seeking to rescind agreement must tender return of payment); cf Thompson v. D.C. Am., Inc., 951 F. Supp. 192, 195 (M.D. Ala. 1996) (plaintiff ratified agreement by keeping settlement proceeds). Here, the parties agree that plaintiff cashed the settlement check of $5,037.44. If plaintiff wishes to proceed with his request for rescission, he must tender a cashier's check or money order to defendant, in the amount of $5,037.44, no later than **December 18, 2009**. Similarly, no later than 6:00 p.m. CST on December 18, 2009, plaintiff shall file and serve a notice that he has done so. If plaintiff does not tender the funds and file such a notice, the Court without further notice will overrule plaintiff's motion to reopen the case and dismiss the case with prejudice under Rule 41(a)(2), Fed. R. Civ. P.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections To The Magistrate Judge's Report And Recommendations (Doc. #112) filed October 30, 2009 be and hereby are **OVERRULED in part.** To the extent plaintiff seeks to recover damages as a result of the parties' settlement, his remedy is to file a separate lawsuit. To the extent plaintiff seeks to rescind the settlement agreement, he must return the proceeds which he has received. In order to proceed with a claim to rescind the settlement agreement, on or before **December 18, 2009,** plaintiff must tender to defendant a cashier's check or money order in the amount of $5,037.44. Similarly, no later than 6:00 p.m. CST on December 18, 2009, plaintiff shall file and serve a notice that he has done so. If plaintiff does not tender the funds and file such a notice, the Court without further notice will

8

overrule plaintiff's motion to reopen the case and dismiss the case with prejudice under Rule 41(a)(2), Fed. R. Civ. P.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Remove Incorrectly Filed Document: Docket Item No. 110 And Correction Of Titling Of Doc. 111 Via CM/ECF (Doc. #125) filed October 30, 2009 be and hereby is **SUSTAINED.**

**IT IS FURTHER ORDERED** that the Motion To Escalate Case For Review Upon Chief Judge And Motion To Expedite (Doc. #110) which plaintiff filed October 29, 2009 be and hereby is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Appropriate Relief From The Court Due To Technical Failures (Doc. #128) filed November 4, 2009 be and hereby is **OVERRULED as moot.**

**IT IS FURTHER ORDERED** that the Motion For Extension Of Time To Perform An Act(s) (Doc #134) which plaintiff filed November 9, 2009 be and hereby is **SUSTAINED.** The Court extends to **October 30, 2009,** the time for plaintiff to file his objections to the magistrate judge report and recommendation.

Dated this 11th day of December, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge